UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

UNITED STATES OF AMERICA,

        v.

JACK WOOD,

        Defendant.

REPORT AND
RECOMMENDATION
15-CR-142-EAW-MJR

───────────────────────────────

## INTRODUCTION

This case was referred by the presiding judge, the Honorable Elizabeth A. Wolford, to this Court, pursuant to 28 U.S.C. §636(b)(1), to supervise pretrial proceedings and to make a recommendation as to all suppression motions. (Dkt. No. 436). Before the Court is defendant Jack Wood's ("defendant" or "Wood") motion to suppress evidence seized from his home, pursuant to a search warrant, on August 26, 2015. (Dkt. No. 553). For the following reasons, it is recommended that the Court deny defendant's motion to suppress evidence.[1]

## RELEVANT FACTS AND BACKGROUND

On August 12, 2015, the Honorable H. Kenneth Schroeder, Jr. signed a search warrant for defendant's residence at 2717 California Road, Delevan, New York. The warrant application was supported by an affidavit from Andrew Abramowitz, a Special Agent with the Federal Bureau of Investigation ("FBI"). The affidavit provided information

---

[1] The Supreme Court has held that a defendant challenging a search warrant is entitled to an evidentiary hearing if they make a substantial preliminary showing that: (1) the warrant affidavit contained a false statement; (2) the false statement was included intentionally or recklessly; and (3) the false statement was integral to the probable cause finding. *See Franks v. Delaware*, 438 U.S. 154, 155-56 (1978). Because no such showing has been made by defendant here, the Court did not conduct an evidentiary hearing.

that defendant's residence had been used as a temporary clubhouse by defendant and other members of the Kingsmen Motorcycle Club ("KMC"), that illegal activity had taken place there, and that evidence of crimes was likely to be found there. The warrant application also sought permission for the search of six other properties alleged to have been used as clubhouses by the KMC. A search of 2717 California Road was conducted on August 26, 2015, and resulted in the recovery of marijuana, a Sears Model M-300, 12-gauge, semi-automatic shotgun, and a Marlin Model 336W, .30-.30 caliber rifle. Officers also seized computers, telephone records, and other personal items from the residence.

On March 16, 2016, a second superseding indictment (the "Indictment") was filed charging defendant and fifteen other members of the KMC with various crimes including racketeering conspiracy, drug trafficking, firearms offenses, Hobbs Act robbery, assault, perjury, obstruction of justice, attempted murder in aid of racketeering and murder in aid of racketeering. (Dkt. No. 33). The Indictment alleges, *inter alia*, that defendants distributed cocaine, marijuana, and other controlled substances, maintained various premises for drug distribution, sold untaxed cigarettes for a profit, and possessed firearms and ammunition for unlawful purposes. With respect to the racketeering conspiracy, the Indictment alleges that purposes of the enterprise included the distribution of controlled substances as well as maintaining premises for the use and distribution of controlled substances, the sale of firearms, the sale of cigarettes and alcohol, the promotion of prostitution and other criminal activities. It is alleged that another purpose of the enterprise was to protect and preserve the KMC's power through violence, threats of violence, intimidation, assaults and murder.

Wood is charged in Count 1 (racketeering conspiracy), Count 2 (possession of firearms in furtherance of crime of violence), Count 31 (user of controlled substance in possession of firearms), Count 32 (using and maintaining premises for drug dealing), Count 33 (possession of firearms in furtherance of a drug trafficking crime), Count 45 (using and maintaining premises for drug dealing), and Count 46 (possession of firearms in furtherance of drug trafficking crime). The conduct set forth in Count 1, Count 2, Count 45, and Count 46 is alleged to have begun in or around 2006 and continued through March 16, 2016. The conduct charged in Count 31 is alleged to have occurred on August 26, 2015 and the conduct charged in Counts 32 and 33 is alleged to have occurred between 2013 and August 26, 2015. The premises alleged to have been used for drug dealing in Count 32 is 2717 California Road, and the guns recovered there during the August 2015 search are the subject of Count 31.

Defendant now moves to suppress all evidence seized from 2717 California Road on the basis that the search warrant was not supported by probable cause because the information contained therein was misleading and stale.[2]

## DISCUSSION

In order to issue a search warrant for a property, it is the duty of a neutral and detached magistrate to determine there is probable cause to believe that: (1) a crime has

---

[2] Agent Abramowitz's affidavit in support of the warrant application was sealed by Magistrate Judge Schroeder at the time he signed the warrant. (Dkt. No. 15-M-91) Wood initially requested a copy of the affidavit in his omnibus motions in December of 2016. The Government opposed the request on the basis that defendant had not established standing to challenge the search. On February 3, 2017, Wood filed an affidavit stating that he resided at 2717 California Road, with his wife, at the time of the search. The Government then provided defendant with a redacted affidavit, which presumably removed all references to the identity of confidential sources as well as information relevant to the search of the six other premises. For purposes of determining the instant motion to suppress, the Court has reviewed the unredacted affidavit in its entirety.

been committed; and (2) evidence of a crime will be found in the place to be searched. *United States v. Travisano*, 724 F.2d 341, 345 (2d Cir. 1983). When considering whether to grant an application for a search warrant, "[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit...there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 236 (1983) (affidavits in support of search warrants should not be judged in a hypertechnical manner). Likewise, establishing a connection between the alleged crimes and the premises to be searched "does not require direct evidence and may be based on reasonable inference from the facts presented based on common sense and experience." *United States v. Singh*, 390 F.3d 168, 182 (2d Cir. 2004).

A magistrate's issuance of a search warrant is entitled to deference and the duty of a reviewing court is only to ensure that there was a substantial basis for concluding that probable cause existed. *See Travisano*, 724 F.2d at 345 ("Once a magistrate has made a determination on the issue of probable cause, our analysis shifts to the function of the reviewing court...(i)ts after-the-fact examination of the papers is not to be a *de novo* review" and "doubts should be resolved in favor of upholding the warrant").

Here, Agent Abramowitz's 52-page, 134-paragraph affidavit details the FBI's extensive investigation of the KMC, which began after the September 6, 2014 murders of Paul Maue and Daniel Szymanski at the KMC's North Tonawanda clubhouse. The affidavit explains the background and organization of the KMC, a motorcycle gang operating primarily on the East Coast of the United States. The affidavit sets forth detailed information accumulated over the course of the investigation indicating that KMC members

and associates were responsible for drug trafficking, maintaining various premises for drug distribution and use, possession and use of firearms in furtherance of drug trafficking and crimes of violence, the sale of untaxed cigarettes, illegal gambling, and various violent acts, including assaults and murders. The affidavit contains information that these activities were ongoing and long-term, and alleges specific conduct beginning in 2009 and continuing through the date of the application. The affidavit also contains corroborating information from numerous witnesses that drugs were regularly used and distributed from KMC clubhouses, that members maintained firearms at these locations, and that other illegal activities occurred there. *See United States v. Tussa*, 816 F.2d 58, 63 (2d Cir. 1987) (A probable cause finding may be based wholly on hearsay, and affidavits in support of a warrant application may contain not only the author's observations, but also collective knowledge gleaned from multiple officers.)

The affidavit alleges that the KMC's Delevan chapter was "temporarily housed" at Wood's residence at 2717 California Road. The affidavit indicates that a witness interviewed by the Wyoming County Sheriff's Office in November 2013 stated that weekly KMC meetings were being held at Wood's residence and that almost everyone in attendance had a gun. The witness also stated that there were four guns under the bar, two near the tool shed and sawed-off shotguns in the basement. The same witness reported that the Delevan chapter of the KMC sells marijuana and pills, and that defendant Wood made weekly trips to Olean to pick up cocaine, which was then available at KMC meetings at his residence. This information was consistent with information provided by other witnesses regarding drug distribution and gun possession at the clubhouses by various KMC members. The affidavit further states that another witness reported that six

months prior to the search warrant application he saw firearms at 2717 California Road, including an AR rifle and a double barrel shot gun. The affidavit provides that in June of 2015, two FBI officers serving a subpoena at the residence observed defendant wearing a KMC patch and saw two long guns in defendant's garage. SA Abramowitz states that a review of defendant's Facebook page reveals defendant posing with guns and other "firearm-related content." In addition, the affidavit recounts that in June of 2015, defendant testified before a grand jury that on August 3, 2013, KMC members took his van without his permission and participated in a drive-by shooting.

      The information detailed above provided Judge Schroeder with a substantial basis to determine there was probable cause to believe that crimes had occurred and that evidence of those crimes would be found at 2717 California Road. The Court rejects defendant's argument that the information was misleading because 2717 California Road was not being used as a clubhouse at the time the warrant was obtained in August of 2015, and that this was not made clear to Judge Schroeder. Indeed, the affidavit specifically states that KMC meetings were held at 2717 California Road in November of 2013 when the Delevan chapter was temporarily housed there, and no averments are made that the residence was being used as a clubhouse after 2013. The affidavit repeatedly makes reference to 2717 California Road as Wood's residence and refers to it as a "temporary clubhouse", while the other premises referenced therein are not residences and are referred to as "active clubhouses" or "active chapter clubhouses." Moreover, since the affidavit sets forth probable cause that evidence of criminality could be found at 2717 California Road at the time the warrant was signed and executed, it is

immaterial as to exactly when 2717 California Road stopped being used as a temporary clubhouse.

The Court further rejects defendant's arguments that the information contained in the affidavit was stale. The two critical factors in determining whether facts supporting a search warrant are stale are "the age of those facts and the nature of the conduct alleged to have violated the law." *United States v. Martino*, 664 F.2d 860, 867 (2d Cir. 1981). Further, when facts supporting the warrant "present a picture of continuing conduct or an ongoing activity...the passage of time between the last described act and the presentation of the application becomes less significant." *Id.* at 867. Indeed, the Second Circuit has routinely held that "narcotics conspiracies are the very paradigm of the continuing enterprise for which the courts have relaxed the temporal requirements of non-staleness." *United States v. Rowell*, 903 F.2d 899, 903 (2d Cir. 1990) ("Given the continuous nature of narcotics conspiracies and [defendant's] statements to the Florida undercover officer about his on-going marijuana distribution operation, the approximately 18-month delay between procuring the informant's statements and seeking the wiretap warrant did not render the information stale.) *See also Singh*, 390 F.3d at 182-83 (information provided in support of a search warrant that was over a year and a half old was not considered stale where the individuals painted a picture of continuing criminal conduct and illicit activity and there was no indication that it was likely to cease in the future). Additionally, "stale" allegations can be revitalized by additional, current information. *United States v. Perry*, 643 F.2d 38 (2d Cir. 1981) (three year old allegations in an affidavit supporting warrant application were freshened and given relevance by proof of related current activity).

Here, Agent Abramowitz's affidavit paints a detailed picture of ongoing criminal conduct and illegal activity that is akin to a narcotics conspiracy and analogous to the cases discussed above. The allegations describe a criminal organization, of which Wood was a member, that engaged in drug trafficking, the maintenance of various premises for drug use and distribution, unlawful use of firearms, and other illegal activities, over many years. The affidavit cites information from witnesses that much of this conduct occurred at KMC clubhouses, and that defendant's residence at 2717 California Road was used as temporary clubhouse during part of the relevant time period. Indeed, some of the specific information about defendant's drug distribution and maintenance of firearms was from 2013. However, that information must be considered in a common sense manner and in light of the totality of the affidavit, which describes a large-scale, continuing racketeering conspiracy, that began many years ago and was still active at the time of the warrant application. Additionally, there is more current information in the affidavit that refreshes the information from 2013 and suggests that the firearms which had allegedly been used for illegal purposes remained in defendant's home. This information includes the fact that a witness saw firearms at 2717 California Road six months prior to the warrant application and the fact that approximately two weeks prior to the application, agents saw Wood wearing his KMC patch and observed rifles at his home. This information must also be considered in light of the nature of the crimes charged and the totality of the information contained in the affidavit. For all of these reasons, the Court finds that the information supplied in the affidavit was neither misleading nor stale, and that Judge Schroeder had a substantial basis for finding that probable cause existed to search 2717 California Road.

Further, even if the affidavit provided an insufficient basis for the probable cause determination, which it did not, the Court would still recommend that defendant's motion to suppress be denied because the officers had a good faith basis to rely on the search warrant. The Supreme Court has made clear that the exclusionary rule should not be applied to evidence obtained by a police officer whose reliance on a search warrant issued by a neutral magistrate was based on "objective good faith." *United States v. Leon*, 468 U.S. 897, 918-23 (1984) (the exclusionary rule "cannot be expected, and should not be applied, to deter objectively reasonable law enforcement activity"). Specifically, an officer's reliance on a search warrant is not deemed to have been in good faith if: (1) the issuing magistrate was knowingly misled; (2) the issuing magistrate wholly abandoned their judicial role; (3) the application is so lacking in indicia of probable cause as to render reliance on it unreasonable; or (4) where the warrant is so facially deficient that reliance on it is unreasonable. *Id*. at 923. Here, the record is bereft of any evidence that Judge Schroeder was knowingly misled or that he abandoned his judicial role. Also, for the myriad of reasons explained above, it cannot be said that the warrant application was so facially deficient, or so lacking in probable cause, that the officers' reliance on it was unreasonable. *See Messerschmidt v. Millender*, 565 U.S. 535 (2012) (When evaluating whether an officer has reasonably relied on a warrant in good faith, "[t]he question...is not whether the magistrate erred in believing there was sufficient probable cause to support the scope of the warrant he issued... [but] whether the magistrate so obviously erred that any reasonable officer would have recognized the error.")

**CONCLUSION**

For the foregoing reasons, it is recommended that defendant Jack Wood's motion to suppress evidence be denied.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ORDERED that this Report and Recommendation be filed with the Clerk of Court.

Unless otherwise ordered by Judge Wolford, any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this Report and Recommendation in accordance with the above statute, Rules 59(b), 45(a), and 45(c) of the Federal Rules of Criminal Procedure, and Local Rule of Criminal Procedure 59. Any requests for an extension of this deadline must be made to Judge Wolford.

***Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report and Recommendation WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.*** *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. *See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985, 990-91 (1st Cir. 1988).

Pursuant to Local Rule of Criminal Procedure 59(c)(2), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal

authority." ***Failure to comply with these provisions may result in the District Court's refusal to consider the objection.***

        **SO ORDERED**.

Dated: June 12, 2017
       Buffalo, New York

                                      */s/ Michael J. Roemer*
                                      MICHAEL J. ROEMER
                                      United States Magistrate Judge